**DEFIANCE BURIAL FUND, etc.,
Appellants,**

v.

**Blaine COMBS, Appellee.**

Court of Appeals of Kentucky.

Feb. 4, 1955.

Alva A. Hollon, Hazard, for appellants.

W. M. Melton, Hazard, for appellee.

STEWART, Chief Justice.

Appellee, Blaine Combs, sued to collect $700 from appellant, Defiance Burial Fund, for funeral expenses incurred as the result of his wife's death, alleging he was at the time of the latter's decease a member thereof in good standing and thereby entitled to all the benefits provided under the by-laws of appellant. At the conclusion of the evidence, appellant moved for a directed verdict but over its objection and exception the case was submitted to a jury which rendered a verdict for appellee for the full amount he sought in his complaint. This motion for an appeal challenges the correctness of the lower court's ruling in refusing to find peremptorily for appellant.

The employees of the Marlowe Coal Company in Perry County formed a burial association in 1937 called "Defiance Burial Fund," appellant herein. To become and remain a member of this organization one had to be an employee of the coal company and while working for it the bookkeeper deducted dues, from time to time, from the employee's wages and turned them over to the treasurer of the association. The sums collected from the members depended upon the number of death benefits paid; and it was the practice of the association to keep a fixed amount in the burial fund to take care of members and their families upon their decease.

When this organization was created it adopted regulations to be governed by, and Article 17 of the by-laws reads: "An employee of Marlowe Coal Company is a member of the Burial Fund Association as long as he is employed by the Marlowe Coal Company and he has paid his dues. As soon as an employee quits or is separated from his employment for any cause whatsoever, he will not be a member of the Burial Fund Association for a period longer than to the end of the calendar month in which his employment ceased; provided he remains unemployed until the end of the month. If the person gets employment from some other company or individual, or partnership before the end of the month, he automatically forfeits his rights in the Burial Fund Association the day he signs up for the employment."

Appellant maintains appellee has not lived up to the requirements of Article 17 and hence was not a member in good standing of the association on the date of his wife's death. We believe the evidence supports this contention.

The evidence reveals appellee was employed by the coal company from May 1946 until October 1947. His wife died February

14, 1953. He filed this complaint on April 21, 1953. According to his testimony, he quit work on October 23, 1947, and he stated he had not paid any dues since the last-mentioned date. The excuse advanced by him for his dereliction was, in his words, "they (appellant) would not accept them."

On June 30, 1948, appellee drew routine vacation pay for the year 1947 and for some reason, which he does not explain, he insists he remained on the pay roll of the coal company until he reached retirement age on July 31, 1950. But he agrees he automatically went off the coal company pay roll upon the date of his retirement. Conceding for the sake of argument he had offered to pay his dues since 1947 but appellant would not accept them, he admits he made no offer in this respect after 1950. In this connection we quote the following question propounded to him and his answer thereto:

"X7. After 1950 when your name was removed from the payroll and up until after the time your wife had died you didn't offer to pay anybody? For your Burial Fund cut, did you? A. I never offered. No."

Actually, appellee had become ineligible for membership in the association at the end of thirty days from the time he terminated his employment. Article 17 is determinative on this point. Burnett Martin, who has been treasurer of the association since its inception in 1937, explained why appellee was no longer a member of the association after his employment came to an end with the coal company on October 23, 1947. He testified: "Well, whenever they cease to be an employee of that company, according to our by-laws, at the end of 30 days, if they don't get employed by some other company or some individual, well at the end of that calendar month, why his membership automatically ceases."

For the foregoing reasons we conclude appellee was not a member in good standing, or indeed a member at all, of appellant as of the date his wife died. We might add that in our opinion appellee has set forth no ground to relieve him from noncompliance with the plain requirements of Article 17. The lower court should have directed the jury to find for appellant in accordance with its motion.

Wherefore, the motion for an appeal is sustained, the appeal is granted, the judgment is set aside and the cause is remanded with directions that if the evidence be the same at another trial a judgment will be entered for appellant.